OPINIONS OF THE SUPREME COURT OF OHIO
       The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
       Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
       NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Fant, Appellant, v. Enright, Clerk of Courts,
Appellee.
[Cite as State ex rel. Fant v. Enright (1993),        Ohio
St.3d      .]
Public records -- Person may inspect and copy a public record
       irrespective of his or her purpose for doing so.
A person may inspect and copy a public record, as defined in
       R.C. 149.43(A), irrespective of his or her purpose for
       doing so.
       (No. 92-360 -- Submitted January 5, 1993 -- Decided May 5,
1993.)
       Appeal from the Court of Appeals for Franklin County, No.
91AP-264.
       Appellant, Henry J. Fant, made a written request pursuant
to the Public Records Act, R.C. 149.43, to appellee, Thomas J.
Enright, Clerk of Courts of Franklin County, for the personnel
file of appellee's former deputy clerk.  Appellee refused to
permit appellant to inspect the file, and appellant filed a
complaint for a writ of mandamus under R.C. 149.43(C) to compel
appellee to furnish a copy of the file.  Both appellant and
appellee filed  motions for summary judgment.  Relying on
Wooster Republican Printing Co. v. Wooster (1978), 56 Ohio
St.2d 126, 10 O.O.3d 312, 383 N.E.2d 124, and State ex rel.
Fant v. Pub. Emp. Retirement Bd. (May 30, 1989), Franklin App.
No. 89AP-37, unreported, 1989 WL 57583, the court of appeals
held that appellant had failed to present a proper purpose
justifying disclosure, overruled appellant's motion for summary
judgment, and granted appellee's motion for summary judgment.
       The cause is before this court upon an appeal as of right.

       Henry J. Fant, pro se.

       Per Curiam.  Appellant raises one issue on appeal: whether
a person may inspect and copy a "public record," as defined in
R.C. 149.43(A)(1), irrespective of his or her purpose for doing
so.  We answer in the affirmative and reverse the judgment of
the court of appeals.
       The court of appeals held that appellant had not

"present[ed] any proper purpose justifying disclosure pursuant to law."  The idea that a proper purpose is required to obtain a public record derives from our decision in the Wooster Republican case, supra.  In that case, we devised a test to balance the requirements of the Privacy Act, R.C. Chapter 1347, with the disclosure requirements of the Public Records Act, R.C. 149.43, as then in force.  The test had three elements. One element was the "extent or value of the public interest, purpose or object of the individuals seeking disclosure[.]"  56 Ohio St.2d at 135, 10 O.O.3d at 317, 383 N.E.2d at 129.

However, following the announcement of the Wooster Republican decision, the General Assembly did its own balancing.  It enacted Am. Sub. S.B. No. 62 of the 113th General Assembly, 138 Ohio Laws, Part I, 245, in which it added language to both the Privacy and Public Records Acts, in the words of the bill's title, "to make clear that Chapter 1347 of the Revised Code does not affect section 149.43 of the Revised Code[.]"  The legislative intent was most clearly reflected in permanent law by the language of what is now R.C. 149.43(D):

"Chapter 1347. of the Revised Code does not limit the provisions of this section."  138 Ohio Laws, Part I, 246.

The phrase "does not limit" leaves no room for judicial balancing.  Therefore, we conclude that enactment of Am. Sub. S.B. No. 62 of the 113th General Assembly effectively overruled the balancing test announced in Wooster Republican.  Since that test is invalid, the court of appeals erred by basing its decision on an element of the test.

The demise of the Wooster Republican balancing test precludes the idea that the purpose of a person in requesting public records has any bearing on his or her right to inspect and copy them.  R.C. 149.43(B) states in part:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours.  Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."  (Emphasis added.)

"Any person" means any person, regardless of purpose. State ex rel. Clark v. Toledo (1990), 54 Ohio St.3d 55, 57, 560 N.E.2d 1313, 1314.  See, also, 1990 Ohio Atty. Gen. Ops. No. 90-050, at 2-210.  Therefore, a person seeking public records is not required to establish a proper purpose or any purpose; rather, "[a] governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43."  State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus.  So holding, we harmonize Ohio law with the federal and most state freedom-of-information Acts.  See Annotation, Who Has Standing to Seek Access to Agency Information Under Freedom of Information Act (1987), 82 A.L.R. Fed. 248, 259, Section 3; 2  Braverman & Chetwynd, Information Law (1985 and 1990 Supp.) 905, Section 24-3.2.

We must emphasize that we have previously recognized that not all items in a personnel file may be considered public records.  A public record is "any record that is kept by any public office * * *."  R.C. 149.43(A)(1).  However, a "record" is something that is "created or received by or coming under the jurisdiction of any public office * * * which serves to

document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G).  To the extent that any item contained in a personnel file is not a "record," i.e., does not serve to document the organization, etc., of the public office, it is not a public record and need not be disclosed.  To the extent that an item is not a public record and is "personal information," as defined in R.C. 1347.01(E), 1 a public office "would be under an affirmative duty, pursuant to R.C. 1347.05(G), to prevent its disclosure."2  State ex rel. Dispatch Printing Co. v. Wells (1985), 18 Ohio St.3d 382, 385, 18 OBR 437, 439, 481 N.E.2d 632, 634-635.

Accordingly, we reverse the judgment of the court of appeals and allow a writ of mandamus compelling appellee to (1) examine the personnel file in question and redact or remove any items of personal information, as defined in R.C. 1347.01(E), but only if those items are not public records, as defined in R.C. 149.011(G) and 149.43(A)(1), and (2) permit appellant to inspect and/or copy the file as redacted.

Judgment reversed
and writ allowed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.


FOOTNOTES

1    R.C. 1347.01(E) provides:

"'Personal information' means any information that describes anything about a person, or that indicates actions done by or to a person, or that indicates that a person possesses certain personal characteristics, and that contains, and can be retrieved from a system by, a name, identifying number, symbol, or other identifier assigned to a person."

2    R.C. 1347.05 requires "[e]very state or local agency that maintains a personal information system [to]:

"* * *

"(G) Take reasonable precautions to protect personal information in the system from unauthorized modification, destruction, use, or disclosure[.]"