**The STATE ex rel. MEDINA COUNTY GAZETTE, Appellant,**

**v.**

**CITY OF BRUNSWICK et al., Appellees.**

[Cite as *State ex rel. Medina Cty. Gazette v. Brunswick* (1996), 109 Ohio App.3d 661.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2439–M.

Decided March 6, 1996.

---

*Fauver, Tattersall & Gallagher* and *John L. Keyse–Walker,* for appellant.

*Reid, Berry & Stanard* and *Timothy T. Reid,* for appellees.

MILLIGAN, JUDGE.

The Medina County Common Pleas Court dismissed the complaint of the Medina County Gazette requesting relief in mandamus against the city of Brunswick, the city council of Brunswick, individually and collectively, the clerk of city council, the city manager, and Martin D. Jenkins, a consultant hired by the city to assist in evaluation and performance of its city manager, Robert Trimble.

The plaintiff, Medina County Gazette, appeals, assigning three errors:

### Assignment of Error 1

"The lower court erred in denying the Gazette's request for a writ of mandamus on the basis that the records requested were not public records, where the records consisted of written evaluations prepared by Brunswick City Council members which were collected and reviewed by a private consultant and used to evaluate the Brunswick City Manager, a government function."

### Assignment of Error 2

"The lower court erred in denying the Gazette's request for a writ of mandamus on the basis that the Gazette did not provide Brunswick with a reasonable time to respond, where Brunswick immediately responded and denied that it possessed the records requested."

### Assignment of Error 3

"The lower court erred in denying the Gazette's request for a writ of mandamus on the basis that the records sought involved no public 'need to know' and were not 'newsworthy.' "

In March 1995, the Brunswick City Council proceeded, as it had since 1992, to evaluate the city manager's job performance with the assistance of a consultant, Martin D. Jenkins. City council is a part-time task, and members are not regularly in attendance at the city hall. A form provided by the consultant was left in the mailbox of each of the members of council, to be filled out by each, and returned to the consultant. Then the consultant would formulate discussion guides and goals for a meeting with the city manager and city council and return the forms to each council member. Each council member was then free to maintain or destroy his executed form.

The sequence of events in 1995 is relevant to the merits of the mandamus controversy. On March 1, 1995, a Wednesday, plaintiff's reporter delivered a letter to the city council clerk, each member of council, and Jenkins, requesting "the opportunity to inspect and obtain copies of any evaluation forms prepared by you and any members of Brunswick City Council relative to evaluation and performance of the Brunswick City Manager. This includes documents prepared and submitted to consultants." The communications claimed favor of R.C. 149.43(B) and advised that if the alleged public records were not made available by Monday, March 6, 1995, an action in mandamus might be filed.

On Thursday, March 2, 1995, the city law director acknowledged the request of plaintiff and replied that "there are no evaluation or performance reports that exist of the Brunswick City Manager that are a part of the Brunswick city records, unless those records are a part of the personnel file of the Brunswick City Manager. It is my understanding that we have no such report in the

personnel file. * * * If a record does not exist, the city cannot produce it to you, and the city is under no obligation to create a record that does not exist or is not in their possession."

This action was filed on Friday, March 3, 1995, three days before the deadline set in the letters of request and before a number of council members had picked up their mail that included the written requests for inspection.

One of the council members did turn over his evaluation to the reporter for plaintiff.

On Saturday, March 4, 1995, the meeting between the city council members and the manager was held. The requesting reporter was present for the public portion of the meeting. At that time the reporter was advised by the consultant that he had kept no records of any past meetings and would not keep records of this March 4 meeting. The reporter was advised that the sole purpose of the input from the council members was to stimulate discussion without creating a formal evaluation or record of any discussion.

The Medina County Common Pleas Court promptly conducted a hearing on the merits of the mandamus action. *In camera* examination of the forms provided by the council members was held. Following the hearing the court made separate findings of fact and conclusions of law, which appear as an appendix to this opinion.

## I. Evaluations as Public Records

R.C. 149.011(G) defines a "record" as including:

"[A]ny document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

R.C. 149.43(A)(1) defines a "public record" as:

"[A]ny record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, records containing information that is confidential under section 4112.05 of the Revised Code, and records the release of which is prohibited by state or federal law."

Appellees argued, and the trial court found, that the forms in question were not required by law to be kept by the government and therefore did not qualify as "public records." This argument, and the rationale of the trial court, overlooks the July 1, 1985 amendment to the public record definition which eliminated "required to be kept" and replaced it with "kept." Am.Sub.H.B. No. 238, 141 Ohio Laws, Part II, 2761, 2774.

Appellees make no claim that the requested documents fall within any of the exceptions catalogued in R.C. 149.43.

Appellant argues that the evaluation documents in question fall within the above definitions consistent with the broad reach of *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 550 N.E.2d 464. There a private auditor's notes relative to a city audit were held to be public records according to R.C. 149.43 when (1) the records were prepared for the purpose of carrying out a public office's responsibilities, (2) the public office was able to monitor the private entity's performance, and (3) the public office had access to the records in order to monitor performance.

The Supreme Court reiterated its long-held and consistent view that the public records statutes are to be given "broad construction" that "preserves the public's right of access to public records, regardless of where they are physically located, or in whose possession they may be." *Mazzaro, supra,* at 39–40, 550 N.E.2d at 467.

We conclude that the trial court erred in finding that evaluation statements, prepared by members of city council, were not public records subject to the public access provisions of R.C. 149.43.

However, because of our conclusions relative to the remaining assignments of error we find no prejudice to appellants from the specific finding of the trial court.

The first assignment of error is sustained.

## II. Reasonable Time to Respond to Request

The trial court found that one day was not a reasonable time to respond to the request, notwithstanding that the city law director did respond the next day.

All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. R.C. 149.43(B).

Appellant labels this finding a red herring. However, the record supports the trial court's conclusion that the law director, representing the city, did not have the requested documents, but would have been willing to supply them if the city

did, even though the council members were not yet privy to the request for production.

A party cannot produce what it does not have. Nor can one be held accountable for failure to produce when one has not received a request.

We conclude that the appellant was premature in its filing of the petition for mandamus, and that at the time of filing did not have a clear right to the remedy requested.

The second assignment of error is overruled.

### III.  Need to Know and Newsworthiness

■ The trial court found that there was no public "need to know" and that, upon *in camera* inspection, "no newsworthy information is contained in them."

We agree with the appellant that the purpose for which the public record is sought is not relevant. *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 610 N.E.2d 997. Nor is the trial court to be a gatekeeper upon the issue of newsworthiness.

The third assignment of error is sustained.

Because we find the action in mandamus to have been filed prematurely, and at a time when plaintiff had no clear right under the statute, we conclude that the dismissal of the action by the trial court was not error, and that the judgment of the Medina Common Pleas Court be affirmed for the reasons stated in the foregoing opinion of this court.

*Judgment affirmed.*

QUILLIN and DICKINSON, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.

### APPENDIX

Medina County Court of Common Pleas Findings and Order, April 6, 1995

1.  The Medina County Gazette has filed a Complaint for a Writ of Mandamus demanding that the Brunswick City Council, collectively and individually, its Clerk, the City Manager, and one Martin D. Jenkins, a consultant, turn over to it what it describes as "public records" pertaining to the evaluation and performance of City Manager, Robert Trimble.

2.  The Court notes that Gazette reporter, Joe Lamport, made a formal request by letter to the City Clerk, Betty Taller, for the public records on March 1, 1995, and further stated that unless he was informed that the requested records would be made available to him by March 6, 1995, an action for

mandamus might be filed. Apparently all of the Defendants received a like letter.

3. The Court further notes that March 1, 1995, the date of the letter, was a Wednesday, and the date of March 6, 1995, was the next Monday.

4. The action was filed on March 3, 1995, three (3) days prior to the date indicated in Lamport's letter and some of the Council members had not even received Lamport's letter.

5. R.C. 149.43(B) grants a person responsible for public records a reasonable period of time to make the records available.

One (1) days to respond is hardly a reasonable time, and that would only be if the Defendants received the letter the next day, March 2, 1995.

6. One council member, Brad Burge, did turn over to Lamport whatever paper he had with regard to the evaluation.

7. The question before the Court is whether the evaluations done by Council members on a form supplied to them constituted a public record or are they personal notes of each council member.

8. These forms were completed by the various Council members and then turned over to the consultant, Jenkins, who used them to formulate discussion guides and goals for the meeting with Council and the City Manager.

9. After the meeting, the forms were returned to the respective Council members or were discarded.

No written record was made of the meeting, nor were the forms held by the City Clerk as a record in the regular course of business.

10. In order for a record to be a "public record," it must be a record required by law to be kept by any public office including, but not limited to, State, County, City, Village, Township and School Districts.

11. Here, there is no law or statute requiring Brunswick City Council to maintain a record of such evaluation and, in fact, none was kept.

12. No public, "need to know," is involved, and from the Court's examination of the forms submitted, no newsworthy information is contained in them.

Accordingly, the motion for a Writ of Mandamus is DENIED.