**The STATE ex rel. BLANKENSHIP**

**v.**

**BADEN, Clerk, et al.**

[Cite as *State ex rel. Blankenship v. Baden* (1996), 115 Ohio App.3d 127.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96-04-084.

Decided Oct. 28, 1996.

*Darryl Blankenship, pro se.*

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Richard A. Hyde,* Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.*

This cause is before the court pursuant to a petition for a writ of mandamus filed by relator, Darryl Blankenship, on April 23, 1996. Respondents, T. Mark Baden, Clerk of the Butler County Court of Common Pleas, and Butler County Court of Common Pleas Judge Anthony Valen, filed an answer to the petition on May 30, 1996 and a motion for summary judgment on June 4, 1996. On or about June 25, 1996, the court directed the parties to submit evidence and memoranda in support of or opposing the motion for summary judgment on or before July 19, 1996.

Relator's petition for a writ of mandamus is based upon a public records request pursuant to R.C. 149.43. Relator has requested that respondents release the following documents, which he contends are public records: "the questionnaires which were completed by each juror rendering a verdict in the matter of *State v. Blankenship* [ (May 4, 1994), Butler C.P. No. CR93–10–0728, unreported]." In that case, relator was convicted after a trial by jury of three counts of having weapons under disability pursuant to R.C. 2923.13(A)(2) with weapons specifications.

Relator first requested the jury questionnaires under the case number referred to above. On May 6, 1994, the trial judge filed an "Entry Sealing Juror Information," which reads as follows:

"It is HEREBY ORDERED that any and all information pertaining to the names and addresses of the respective jurors who participated in the above-captioned case are hereby sealed by the Butler County Clerk of Courts. Said information is not to be disclosed without Order of this Court.

"Furthermore, it is hereby Ordered that the attorneys who participated in this matter shall not divulge to anyone such information without first obtaining leave of this Court.

"This Order includes the sealing of the verdict forms signed by the jurors, the juror list, and the juror questionnaires completed by the entire venire."

This mandamus action was filed approximately two years later requesting the juror questionnaires as public records.

The record also contains a form letter sent by respondent Baden to all prospective jurors selected by the jury commissioners of Butler County. The letter includes general information about the obligation of jury duty and tells prospective jurors where and when to report. A juror questionnaire form is enclosed with the letter and is referred to therein as follows:

"Please complete the enclosed questionnaire and return it in the self-addressed stamped envelope within one week. This information will be treated confidentially, and kept in our file only for your term of jury service."

The juror questionnaire form requests information such as the prospective juror's name, address, place of employment and education level. Similar information is requested regarding all living members of the prospective juror's family.

Pursuant to R.C. 149.43(A)(1), "public record" means "any record that is kept by any public office." "Record" is defined in R.C. 149.011(G) to include "any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations or other activities of the office." "To the extent that any item * * * does not serve to document the organization, etc., of the public office, it is not a public record and need not be disclosed." *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 188, 610 N.E.2d 997, 999.

Upon consideration, we find that the juror questionnaires which relator seeks to have disclosed are not public records within the meaning of R.C. Chapter 149. The juror questionnaires are not distributed and collected to document the organization, functions, policies or procedures of the clerk's office, but for the

benefit of litigants and their counsel who need to select impartial jurors who can fairly decide cases presented to them. This conclusion is reinforced by the fact that the clerk treats the information provided by prospective jurors who complete the forms confidentially, retains the forms only for the term of jury service, and informs prospective jurors of this policy prior to the time that the forms are completed.

█ The juror questionnaire forms also are not public records with respect to the trial judge, respondent Valen. Again, the questionnaires do not document the organization, functions, policies or procedures of the common pleas court—they are prepared solely for the benefit of litigants and their counsel when selecting jurors for trial. The questionnaires are solicited for a limited purpose with a promise of confidentiality. It is unlikely that potential jurors would complete the questionnaires if they believed the forms would become public records accessible to anyone, including persons who they might subsequently vote to convict of a criminal offense.

The court also notes that, given the timing of relator's request for the juror information forms, it is likely that relator is requesting the forms for purposes of postconviction relief. In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, the Supreme Court stated that a criminal defendant who has exhausted his direct appeals may not avail himself of R.C. 149.43 (the public records act) to support a conviction for postconviction relief. It is also significant that the trial court in this case filed the May 6, 1994 entry sealing juror information referred to above in the underlying case and the entry was not appealed.

Based upon the foregoing, the court finds the petition for writ of mandamus to be without merit. Respondents' motion for summary judgment is granted, and this cause is dismissed, with prejudice, costs to relator.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., KOEHLER and POWELL, JJ., concur.