I agree that the home addresses of Defendant's employees is not public information subject to disclosure under the Ohio Public Records Act. However, I would so hold on a narrower basis than the "internal workings" test that the Ninth District Court of Appeals applied to define and determine an agency's operations in State ex rel. Jones v. Summit Cty. Child Serv. Bd. (Jan. 24, 2001), Summit App. No. 19915, unreported, on which the majority expressly relies.
R.C. 149.43(A)(1) exempts from Public Records Act disclosure "records the release of which is prohibited by state or federal law." Per R.C.1347.05(G), a public office has an affirmative duty to prevent disclosure of "personal information" concerning its employees. State ex rel. Fant v. Enright (1993), 66 Ohio St.3d 186. Personal information is defined by R.C. 1347.01(E) to include "any information . . . that indicates that a person has certain personal characteristics . . . and can be retrieved from a system by, a name, identifying number, symbol, or other identifier assigned to a person." Id.
Character is defined as "[t]he aggregate of the moral qualities which belong to and distinguish an individual person; the general result of one's distinguishing attributes." Black's Law Dictionary, Fifth Ed. The location of one's residence is not itself a moral quality, but it may be reflective of one's moral qualities, and it is clearly a distinguishing personal attribute. Because it is information that can be retrieved from a system by a street name and identifying number, it is personal information about an employee, the release of which is prohibited by R.C. 1347.05(G). Therefore, it is exempt from disclosure pursuant to the Public Records Act per R.C. 149.43(A).
The Supreme Court held in State ex rel. District 1199, Health Care and Social Services Union, AFL-CIO v. Lawrence County General Hospital (1998), 83 Ohio St.3d 351, that the home addresses of the employees of a public office is information subject to disclosure under the Public Records Act. The court also noted, however, that those opposing disclosure did "not assert the applicability of any exemption to disclosure." Id., at p. 354. It was most likely the R.C. 149.43(A)(1) exemption that is triggered by R.C. 1347.05(G), which it had discussed in State ex rel. Fant, supra, to which the Court had reference.
I write separately because the foregoing analysis was laid out for us by the Supreme Court in State ex rel. Fant, supra, and because use of the "internal workings" inquiry which the Ninth District adopted in State ex rel. Jones, supra, is problematic. It relies on other Supreme Court precedent concerning requests for the home addresses of police officers and children, which present safety-related privacy issues not implicated here. Also, it creates yet another fact-intensive inquiry in order to determine the operations of a public office, which should be avoided when possible. Reliance on the rule of State ex rel. Fant, supra, permits that.