JOURNAL ENTRY AND OPINION
{¶ 1} On October 4, 2002, relator, Gerald O. Strothers, filed a petition for a writ of mandamus against respondent, Henry Rish, Superintendent of the Maple Heights Board of Education. On November 4, 2002, respondent filed a motion to dismiss complaint in mandamus, or in the alternative, motion for summary judgment. Respondent further filed a motion for sanctions. On November 15, 2002, relator filed a motion for summary judgment, and on November 18, 2002, filed a contra motion to respondents' motion to dismiss. Thereafter, on November 27, 2002, respondent filed a brief in opposition to relator's motion for summary judgment and a reply to relator's contra motion to respondents' motion to dismiss.
 {¶ 2} On March 4, 2003, this court granted in part and denied in part respondent's motion to dismiss; denied respondent's motion for summary judgment; and denied respondent's motion for sanctions. We further granted the respondent leave to file an additional response to the relator's motion for summary judgment. Respondent filed his additional response on March 19, 2003, and relator filed a reply brief on March 24, 2003.
 {¶ 3} This action centers around a request for records pursuant to R.C. 149.43. According to that request, relator asked for certain records pertaining to Henry Rish, Santina Klimkowski, Michelle Holmes, Lucille Hornick, Nicholas Magistrelli, and Michael Palazzo, all members of the Maple Heights Board of Education, from the years 2000 to present. The requested records include:
 {¶ 4} "1. All check stubs, cancelled or paid checks made out to the board members to include but not limited to mileage, payroll or any other check or payments;
 {¶ 5} "2. Mileage books, gasoline and other automobile receipts submitted for payment from the board;
 {¶ 6} "3. All travel expenses by means known to humankind incurred by the board;
 {¶ 7} "4. All financial records which contain data about the board which includes all payments made and received, amounts paid to outside contractors, bid requests, proposals and resumes of any winning and non-winning bidder;
 {¶ 8} "5. Personnel records from every member of the board;
 {¶ 9} "6. Medical and psychological records concerning every member of the board to include drug testing results, requests to be drug tested and last date of drug testing. Also visits to psychiatrists and any other mental or doctor treatment while a member of the board.
 {¶ 10} "7. Resolutions passed by name and number from year 2000 to present, minutes of the board meetings and times the board met in executive session. Also a list of why board members if qualified voted and on what issue. Additionally, a list of all emergency or special board meetings held from year 2000 to present and the agenda of the meeting;
 {¶ 11} "8. A copy of every check stub and cancelled check made to local lawyers, a list of all lawyers who have been paid monies and amounts paid from 2000 to present. Also, check stubs and cancelled checks made payable to board lawyer Louis C. Damiani, invoices showing billable hours, Westlaw use and anything the board lawyer(s) have been paid from 2000 to present. Additionally, a copy of the most recent contract and appointment to the current position as school board legal counsel;
 {¶ 12} "9. The oath of office from all school board officers elected to office, the date signed and filed;
 {¶ 13} "10. Copy of all drug test results pertaining to the principals and vice-principals at every Maple Heights School District school which will include Dunham, Rockside, Raymond, Stafford, middle and high schools;
 {¶ 14} "11. Copies of all memos, letters, documents which specifically pertain to the contract between Maple Heights Teachers Association and the board, prior to September 2002;
 {¶ 15} "12. Review, inspect and copy, at cost, all completed and not sealed by the Court of Common Pleas litigation files, all documents contained, depositions and exhibits. The complete files without redactions or theft of documents are requested for review inspection and copies;
 {¶ 16} "13. Copy of contract between Maple Heights School District and Huffmasters, Inc;
 {¶ 17} "14. Review, inspect and copy every substitute teacher hired files, drug and TB test results and certification. Every personnel, financial, medical record is requested for review;
 {¶ 18} "15. Review, inspect and copy every bank statement, cancelled checks, documents issued by any bank the Maple Heights funds are maintained in."
 {¶ 19} In their brief and supplemental brief in opposition to relator's motion for summary judgment, respondent again claims that he never received the request for records. Respondent argues that the tracking system for certified mail, which was attached to the petition for mandamus, demonstrates that the mail was never delivered. Respondent also included an affidavit stating that he did not receive the record request either by mail or by telephone.
 {¶ 20} As we held in our earlier opinion, "* * * summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." Welco Industries, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129.
 {¶ 21} Relator is correct that R.C. 149.43 does not require that requests for public records be made in writing. Additionally, when a request is made in writing, it does not have to be delivered by certified mail. However, when viewing the evidence most favorably on behalf of the non-moving party, we find that granting relator's motion for summary judgement would not be proper because there is still an issue as to whether respondent received the initial request for records, which relator claims was sent on September 26, 2002. Accordingly, this court denies relator's motion for summary judgment.
 {¶ 22} Nevertheless, this court realizes that this matter has been pending since October 4, 2002. Since that date, respondent has received adequate notice as to what records relator seeks to review pursuant to the Ohio Public Records Act. This court finds it incredulous that, as of this date, respondent has failed to make any arrangements to disclose these public records. Respondent is reminded that any person can request public records and is not required to establish a proper purpose for the request. State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.
(1998), 82 Ohio St.3d 37, 693 N.E.2d 789; State ex rel. Fant v. Enright
(1993), 66 Ohio St.3d 186, 610 N.E.2d 997; State ex rel. Clark v. Toledo
(1990), 54 Ohio St.3d 55, 560 N.E.2d 1313.
 {¶ 23} R.C. 149.43 must be construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. State ex rel. Wallace v. State Med. Bd. (2000), 89 Ohio St.3d 431,732 N.E.2d 960. Exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption. State ex rel. Youngstown City School Dist. Bd. ofEdn. v. Youngstown (1998), 84 Ohio St.3d 51, 53, 701 N.E.2d 986, quotingState ex rel. Gannett Satellite Info. Network v. Petro (1997),80 Ohio St.3d 261, 266, 685 N.E.2d 1223.
 {¶ 24} In item five, relator seeks to review personnel records from every member of the board. In their supplemental response, respondent concedes that the requested records are "records" for the purposes of R.C. 149.43, and that they are held by the school board which is a public office. However, respondent claims that certain information within the personnel records may be exempted from disclosure or should be redacted.
 {¶ 25} We agree with respondent that social security numbers should be redacted. See State ex rel. Beacon Journal Publishing Co. v.Akron (1994), 70 Ohio St.3d 605, 640 N.E.2d 164. We also agree with respondent that if the requested records contain State Teacher Retirement System ("STRS") records, certain information is exempted from disclosure. According to R.C. 149.43(A)(1)(v), public records do not include any records the release of which is prohibited by state or federal law. R.C. 3309.22(A) states in part,
 {¶ 26} "(2) The records of the board shall be open to public inspection, except for the following, which shall be excluded, except with the written authorization of the individual concerned:
 {¶ 27} "(a) The individual's statement of previous service and other information as provided for in section 3309.28 of the Revised Code;
 {¶ 28} "(b) Any information identifying by name and address the amount
 {¶ 29} of a monthly allowance or benefit paid to the individual;
 {¶ 30} "(c) The individual's personal history record;"
 {¶ 31} If the subject personnel records contain STRS records, then the above information from that STRS record is not a public record and shall not be disclosed to relator absent that individual's consent. Additionally, any criminal record checks required under R.C. 3319.39 are exempted from disclosure. See R.C. 3319.39(D).
 {¶ 32} Respondent also claims that all medical information, including drug tests, are exempt from disclosure. In his final reply, relator objected to this claimed exemption. R.C. 149.43(A)(3) defines medical record as, "any document or combination of documents * * * that pertain to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment." To constitute an exempted medical record, the record must pertain to a medical diagnosis and be generated and maintained in the process of medical treatment. (Emphasis added.) State ex rel.Strothers v. Wertheim (1997), 80 Ohio St.3d 155, 684 N.E.2d 1239; Stateex rel. Multimedia, Inc. v. Snowden (1995), 72 Ohio St.3d 141,647 N.E.2d 1374. Further, psychological reports are also considered to be medical records and may be subject to disclosure. Snowden, supra.
 {¶ 33} "When a government body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individual scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released." Stateex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 31, 661 N.E.2d 180, quoting State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland (1988),38 Ohio St.3d 79, 526 N.E.2d 786.
 {¶ 34} Respondent is therefore ordered to review all personnel records and to submit to the court for inspection under seal all documents that contain medical information which respondent believes is exempted. Respondent is to file a notice of submission of records under seal for individualized scrutiny on or before July 7, 2003. This notice shall include a certification that the respondent has diligently reviewed his records and that all documents, which are within the scope of relator's request and are in the custody of respondent, are before the court for individualized scrutiny.
 {¶ 35} Finally, in item thirteen, respondent claims that all documents, communications and correspondence relating to the negotiation of a new contract, except draft agreements, are exempt from disclosure. In support of this exemption, respondent cites to R.C. 4117.21. According to R.C. 4117.21, "Collective bargaining meetings between public employers and employee organizations are private, and are not subject to R.C. 121.22
of the Revised Code." However, the language of R.C. 4117.21 exempts only collective bargaining meetings from public disclosure. State ex rel.Calvary v. City of Upper Arlington, et al. (2000), 89 Ohio St.3d 229,729 N.E.2d 1182. It does not exempt records if they document the organization, policies, functions, procedures, operations or other activities of the public office.
 {¶ 36} As we previously stated, exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption. State ex rel.Youngstown City School Dist. Bd. of Edn., supra. In this instance, we find that respondent failed to establish that the subject records are exempted pursuant to R.C. 4117.21.
 {¶ 37} Accordingly, this court denies relator's motion for summary judgment, but we grant the writ of mandamus. Respondent is ordered to release the documents requested in items one, two, four, five, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen and fifteen, subject to our opinion above. Respondent shall make arrangements to allow relator to inspect and/or copy the requested documents within a reasonable period of time from the date of this opinion. Respondent to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ granted in part and denied in part.
 TIMOTHY E. McMONAGLE, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.