[Cite as *Vine v. Cleveland State Univ.*, 2009-Ohio-7156.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHANNA L. VINE

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

    Case No. 2009-05820-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


{¶ 1} Plaintiff, Johanna L. Vine, a student attending defendant, Cleveland State University (CSU), filed this action alleging that her 2004 Chevrolet Cavalier was damaged as a proximate cause of negligence on the part of CSU personnel in maintaining a parking lot on CSU premises. On December 3, 2008, at approximately 9:00 a.m., plaintiff parked her car at defendant's S-3 Lot and then went to take an examination. At approximately 12:35 p.m. on that same day, a CSU Police Officer, Rodney Allison, was patrolling the S-3 Lot and discovered that two vehicles that were parked there had been damaged. One of the damaged vehicles was plaintiff's 2004 Chevrolet Cavalier. In a report (copy submitted) filed incident to his investigation of the automotive damage, Allison noted that he observed "two parked vehicles that (were) pushed up against each other with scattered plastic and broken vehicle parts laying beneath the two vehicles." Allison further noted that he "discovered a white plastic car piece on the ground where the incident occurred that did not belong to either of the two damaged vehicles." According to Allison, while he was examining the damaged cars in the parking lot, he was approached by two male CSU students who informed him they

were walking through the S-3 Lot at approximately 12:05 p.m. when they heard a loud noise seemingly emanating from the area where the two damaged cars were parked. Allison recorded that the two CSU students "said they saw a vehicle drive very fast away from the area of the damaged vehicles." Additionally in his report, Allison related that the S-Lot attendant was questioned by CSU Police Officer Nolasco regarding any knowledge he may have about the damaged vehicles. Allison wrote that the attendant recalled seeing a woman "drive out of the parking lot with her front bumper dragging on the ground." This vehicle, according to information supplied by the S-3 Lot attendant, "was white in color." Allison surmised that the damage to plaintiff's car occurred when "someone hit the vehicle next to hers and pushed it into her vehicle." Plaintiff's car was dented and scratched on the right rear quarter panel. Plaintiff did not dispute the contention that an unidentified driver caused the damage to her automobile. However, plaintiff asserted that defendant should bear liability for her automotive damage and she filed this complaint seeking to recover $542.94, the cost of repair she incurred, plus car rental expenses. Plaintiff submitted the $25.00 filing fee and requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant contended that CSU cannot be held liable for property damage committed by the acts of a third party at the CSU owned S-3 Lot. Defendant explained that when plaintiff purchased a parking pass to park her car at CSU lots "a relationship of licensor/licensee is created by the rental of a space to the student." Defendant contended that under a licensor/licensee relationship CSU bore no responsibility for the loss of or damage to plaintiff's car while parked at the S-3 Lot. Defendant advised that "the Ohio courts have held a licensor owes a licensee no duty except to refrain from wantonly or willfully causing injury." See *Hannan v. Ehrlich* (1921), 102 Ohio St. 176, 131 N.E. 504; *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St. 3d 265, 266, 551 N.E. 2d 1257. Additionally, defendant pointed out that plaintiff's damage was caused by the acts of an unidentified third party and CSU generally cannot be held liable for such acts.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing

*Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 4}** The existence of a duty depends upon the foreseeability of harm. *Jeffers v. Olexo* (1989), 43 Ohio St. 3d 140, 142-143, 539 N.E. 2d 614. Whether such a duty exists is a question of law for the court to decide on a case-by-case basis. See *Hickman v. Warehouse Beer Systems, Inc.* (1993), 86 Ohio App. 3d 271, 273, 620 N.E. 2d 949; *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio St. 3d 188, 583 N.E. 2d 1071.

**{¶ 5}** Under the facts of the present claim, plaintiff, by purchasing a parking pass, was a licensee on the CSU parking lots. The duty owed to a licensee is to refrain from wanton and willful conduct which might result in injury to her. *Provencher*, at 266. The facts of this claim also have established that plaintiff's damage was caused by the acts of an unidentified third party not affiliated with defendant. Generally, defendant has no duty to control the conduct of a third party. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. Plaintiff has failed to produce any evidence to prove the damage to her vehicle was proximately caused by any wilful and wanton conduct on the part of defendant; lot alone any negligent act or omission. Plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHANNA L. VINE

Plaintiff

v.

CLEVELAND STATE UNIVERSITY

Defendant

Case No. 2009-05820-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Johanna L. Vine
533 Earl Avenue
Kent, Ohio  44240

Sonali B. Wilson, General Counsel and
Secretary to the Board of Trustees
Cleveland State University
2121 Euclid Avenue, AC327
Cleveland, Ohio  44115

RDK/laa
10/29
Filed 11/19/09
Sent to S.C. reporter 3/5/10