## INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA

### v.

### VOINOVICH, Governor.

[Cite as *Internatl. Union, United Auto., Aerospace & Agricultural Implement Workers of Am. v. Voinovich* (1995), 100 Ohio App.3d 372.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APD04–601.

Decided Jan. 19, 1995.

*Bobulsky & Grdina* and *William P. Bobulsky,* for relator.

*Bricker & Eckler, Randolph C. Wiseman* and *Sarah J. DeBruin,* for respondent.

---

PETREE, Judge.

Relator, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, has brought this original action in mandamus seeking access to and inspection of records maintained by respondent, Governor George Voinovich. Specifically, relator seeks disclosure of respondent's "logs, journals, calendars, appointment books and scheduling books" for the period October 1, 1993 through April 1, 1994, pursuant to R.C. 149.43 (the Ohio Public Records Act).

On April 4, 1994, relator sought access, under R.C. 149.43, to:

"Copies of logs, journals, calendars, appointment books pertaining to meetings between the Governor and members and/or employees of the Ohio Supreme Court, including, but not limited, to copies of all scheduling books, appointment books, memoranda and correspondence specifically relating to such meetings, and copies of all aforementioned records subsequent to such meetings between the Governor and any member and/or employees of the Ohio Supreme Court, between October 1, 1993 and April 1, 1994."

By letter dated April 5, 1994, Michael H. Watson, Chief Legal Counsel for respondent, informed relator that, because no meetings were conducted between respondent and members and/or employees of the Ohio Supreme Court at any time between October 1, 1993 and April 1, 1994, no such documents were available for disclosure.

On April 7, 1994, relator amplified its original records request, this time demanding inspection of respondent's logs, journals, calendars and appointment books during the period October 1, 1993 through April 1, 1994, without regard to whether they contained any specific meetings.

Watson's April 11, 1994 response informed relator that respondent's public calendar would be made available for review; however, respondent's personal calendars and appointment books were not public documents and, therefore, were not subject to disclosure under the Act. Watson also informed relator that respondent does not maintain daily logs or journals; thus, no documents meeting this definition were available for disclosure.

On April 28, 1994, relator filed a complaint in mandamus, pursuant to R.C. 149.43(C), seeking disclosure of all information requested in its April 7, 1994

letter. Relator argues that the documents requested are maintained pursuant to the exercise of respondent's statutory and constitutional powers, thus constituting "public records" within the meaning of R.C. 149.43. Respondent argues that the documents at issue are not maintained as a part of the exercise of his statutory and constitutional powers, do not serve to document his official actions and, thus, are not public records. Respondent argues alternately that in the event the requested documents are found to constitute public records, the doctrine of executive privilege operates to protect the documents from public disclosure.

■ R.C. 149.43(C) provides that a person allegedly aggrieved by the failure of a governmental unit or person responsible to promptly prepare a public record and to make it available may commence an action in mandamus. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 109, 529 N.E.2d 443, 444–445; *State ex rel. Petty v. Wurst* (1989), 49 Ohio App.3d 59, 60, 550 N.E.2d 214, 215–216. It is well settled that a writ of mandamus is an extraordinary remedy, appropriate only if (1) relator has a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the requested act; and (3) relator has no plain and adequate remedy at law. *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186.

Relator seeks disclosure of respondent's logs, journals, calendars, and appointment books pursuant to R.C. 149.43(B), which provides:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in a manner that they can be made available for inspection in accordance with this division."

The term "public record" is defined in R.C. 149.43(A)(1) as:

"[A]ny record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, records containing information that is confidential under section 4112.05 of the Revised Code, and records the release of which is prohibited by state or federal law."

"Records" is defined in R.C. 149.011(G) as:

"[A]ny document, device or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the

state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

To the extent that relator requests logs, calendars, appointment books, memoranda, etc. pertaining to meetings between respondent and members and/or employees of the Ohio Supreme Court from October 1, 1993 to April 1, 1994, respondent denies the existence of any such records. Respondent further denies that he maintains daily logs or journals. R.C. 149.43 "does not require that a public office create new documents to meet a requester's demand." *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086. Thus, with regard to relator's initial request and its subsequent request for respondent's daily logs and journals, relator has failed to establish that it has a clear legal right to the relief requested. *State ex rel. Fant v. Sykes* (1986), 28 Ohio St.3d 90, 28 OBR 185, 502 N.E.2d 597.

Respondent admits that he does maintain personal calendars and/or appointment books, but denies that he utilizes them to document his official actions. Respondent contends that his official actions are documented in his public calendar, which was made available to relator.

In light of respondent's admission concerning the availability of a portion of the requested information, the sole issue before this court is a question of law: Are the personal calendars and/or appointment books of the Governor of the state of Ohio "public records" subject to disclosure pursuant to R.C. 149.43?

Initially, we note that R.C. 149.43(A)(1) does not define a public record as any piece of paper on which a public officer writes something. *State ex rel. Steffen v. Kraft* (1993), 67 Ohio St.3d 439, 440, 619 N.E.2d 688, 689. In *Steffen,* the court concluded that a judge's handwritten notes taken during trial did not constitute public records. The court reasoned that the notes were not official records; rather, the notes were personal papers kept solely for the judge's own convenience. *Id.* In considering this issue, the court noted that no other officials had access to the notes, nor were they in the official custody of the Clerk of Courts. *Id.* The court also noted that disclosure of the notes would intrude upon the judge's subjective thought and deliberations. *Id.* Further, the public would not lose any information as a result of the nondisclosure of the notes, as the public had access to the official trial transcript. *Id.*[1]

---

1. Federal courts considering the issue of whether personal notes of officials constitute public records have adopted the same position as that of the Supreme Court of Ohio. These courts have concluded that notes reflecting an employee's impressions of substantive issues are not "agency records" subject to disclosure. In *Am. Fedn. of Govt. Emp. Local 2782 v. United States Dept. of Commerce* (D.D.C.1986), 632 F.Supp. 1272, affirmed (C.A.D.C.1990), 907 F.2d

Similarly, relator in the instant case does not contend that any other member of respondent's office either used, had access to, or had custody of respondent's personal calendars and appointment books. Moreover, no information concerning respondent's schedule of appointments would be lost as a result of the nondisclosure of the requested documents, as the public has access to the respondent's official public calendar.

As previously noted, R.C. 149.011(G) defines "record" as something that is "created or received by or coming under the jurisdiction of any public office * * * *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.*" (Emphasis added.) An item which does not meet the definition of a "record" is not a public record. *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 610 N.E.2d 997. In his "Individual Evidentiary Statement," respondent clearly states that his personal calendars and appointment books "are not maintained as part of his statutory and constitutional powers" and he "does not maintain any logs, journals, calendars or appointment books as a result of any requirement imposed upon him"; rather, he maintains these documents solely for his "own personal use and convenience." Moreover, respondent asserts in his brief that his personal calendars and appointment books are not circulated within his office for any official purpose, do not serve to document any official activities or functions within the office, are maintained solely by him, and may be discarded at any time. In contrast, respondent contends that the public calendar, which was made available to relator, documents his official activities and functions and, thus, constitutes a "record" and "public record" subject to disclosure.

Relator's "Individual Evidentiary Statement" fails to present any factual basis for its assertion that the requested items serve to document either the organization, functions, policies, decisions, procedures, operations, or other activities of respondent's office. Indeed, relator has not asserted that other members of respondent's office had access to or used his personal calendars or appointment books for any official purpose. In the absence of any evidence to the contrary, we must accept respondent's assertions that the personal calendars and appoint-

---

203, the district court ruled that personal handwritten logs created by public employees for their own personal use and convenience that are not intended for distribution through usual agency channels are beyond the scope of the federal Freedom of Information Act. See, also, *Porter Cty. Chap. v. United States Atomic Energy Comm.* (N.D.Ind.1974), 380 F.Supp. 630 (handwritten notes used for individual purposes and kept in personal files did not constitute agency records notwithstanding the fact the records related to official's responsibilities); *Sibille v. Fed. Res. Bank of New York* (S.D.N.Y.1991), 770 F.Supp. 134 (handwritten notes of meetings and telephone conversations by employees of federal reserve bank not agency records under Freedom of Information Act); *Kalmin v. Dept. of Navy* (D.D.C.1985), 605 F.Supp. 1492 (personal notes maintained in diaries which were never circulated and not under agency control not available under Freedom of Information Act).

ment books are maintained solely by him for his own personal convenience, and do not serve to document the official functions, activities, etc. of the Governor's Office. Thus, we conclude that because respondent's personal calendars and appointment books do not serve to "document the organization, functions, policies, decisions, procedures, operations or other activities of the office," these documents do not meet the definition of a "record" as used in R.C. 149.011(G) and, thus, are not "public records" subject to disclosure pursuant to R.C. 149.43. *Enright, supra,* 66 Ohio St.3d at 188, 610 N.E.2d at 998–999.

Moreover, information similar to that requested by relator has been found not to be subject to disclosure in other contexts. Several federal and state decisions have addressed the issue of whether a public official's personal appointment records and schedules constitute "agency records" within the meaning of the Freedom of Information Act or its local counterpart. See *Bur. of Natl. Affairs v. United States Dept. of Justice* (C.A.D.C.1984), 742 F.2d 1484 (telephone message slips and appointment calendars prepared for the personal convenience of Assistant Attorney General William Baxter were not "agency records" for the purposes of the Freedom of Information Act); *Am. Fedn. of Govt. Emp. v. Dept. of Commerce* (D.D.C.1986), 632 F.Supp. 1272 (handwritten logs created by public employee for own personal use and convenience not agency records under the Freedom of Information Act); *Yacobellis v. Bellingham* (Wash.App.1989), 55 Wash.App. 706, 780 P.2d 272. These cases consistently hold that personal notes, as well as telephone messages and daily appointment calendars, are not public records because, in general, they are created solely for the individual's convenience, are maintained in a way indicating a private purpose, are not circulated or intended for distribution within agency channels, are not under agency control, and may be discarded at the writer's sole discretion. *Yacobellis, supra,* 55 Wash.App. at 710–712, 780 P.2d at 275.

In light of the above cases, we conclude that the information sought by relator is not a matter of public record and is, therefore, not subject to disclosure as a matter of law. Respondent has demonstrated that his personal calendars and appointment books are created and maintained solely for his own personal convenience and for a private purpose, are not circulated within the office for any official purpose, are not under the control of the Governor's Office, may be discarded at any time, and do not serve to document any official activities or functions of respondent.

As the requested material is not a "public record" as defined by R.C. 149.43, relator's complaint fails to state a cause of action. Thus, we need not reach the executive privilege issue, nor do we need to conduct an *in camera* review of the documents. "An *in camera* inspection would be superfluous when the complaint

fails to state a cause of action under R.C. 149.43." *Steffen, supra,* 67 Ohio St.3d at 441, 619 N.E.2d at 690.

We now consider relator's request under R.C. 149.43(C) for attorney fees from respondent. An award of attorney fees under R.C. 149.43(C) is not mandatory. *Fox, supra,* paragraph two of the syllabus. Since attorney fees are regarded as punitive, the court may consider the reasonableness of respondent's refusal to comply with relator's request. *Fox,* 39 Ohio St.3d at 112, 529 N.E.2d at 446–447. In light of our holding in this case, we find no evidence of bad faith on the part of respondent. Based upon the arguments and facts presented, it is clear that there was a reasonable legal basis for respondent's refusal to produce the requested documents. Relator's request for attorney fees is therefore denied.

*Writ denied and request for attorney fees denied.*

TYACK and DESHLER, JJ., concur.