THE STATE EX REL. McCAFFREY *v.* MAHONING COUNTY

PROSECUTOR'S OFFICE ET AL.

[Cite as *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,*

133 Ohio St.3d 139, 2012-Ohio-4246.]

*Public records—Requirement of prior request—Specificity required in request for metadata associated with electronic records—Calendars of public employees—Records of hours worked and duties performed—Attorney-client privilege—Trial-preparation records.*

(No. 2010-1642—Submitted July 10, 2012—Decided September 20, 2012.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is a public-records mandamus action in which relator, John McCaffrey, an attorney representing defendants in criminal cases, seeks certain records from respondents, the Mahoning County Prosecutor's Office and Mahoning County Prosecuting Attorney Paul Gains. Because relator has established his entitlement to a few of the requested records, we grant the writ for those few records. For the remaining requested records, however, we deny the writ.

**Facts**

{¶ 2} In 2006, Mahoning County purchased real property located at 345 Oakhill Avenue in Youngstown. The county decided to purchase this Oakhill Renaissance Place property to relocate the county's Department of Job and Family Services from property owned by Ohio Valley Mall Company and built by the family of Anthony Cafaro Sr. Ohio Valley Mall Company filed a taxpayer lawsuit in the Mahoning County Court of Common Pleas challenging the county's

decision to purchase the Oakhill property, naming Gains and certain elected officials represented by Gains as defendants. The case was settled in 2007, but the Ohio Ethics Commission and the Mahoning County Grand Jury investigated the company and certain officials concerning the litigation.

{¶ 3} In October 2008, Gains applied to the common pleas court to appoint Lorain County Prosecuting Attorney Dennis P. Will, Lorain County Assistant Prosecuting Attorneys Anthony D. Cillo and Billie Jo Belcher, and Ohio Ethics Commission Chief Investigative Counsel Paul M. Nick as special prosecutors to handle the ongoing investigation resulting from Mahoning County's acquisition of Oakhill Renaissance Place, for which the prosecutor's office had previously issued grand jury subpoenas to various public officials and others at the request of the Ohio Ethics Commission and the Mahoning County sheriff. Gains specified the importance of the appointment of a special prosecutor who could act independently of him to avoid the appearance of impropriety and accusations of a vengeful prosecution or of favorable treatment because the investigation involved numerous public officials, including two current judges and one retired judge, who might be witnesses or potential targets. On November 17, 2008, the common pleas court granted the application and appointed Lorain County Prosecuting Attorney Will, Assistant Prosecutors Cillo and Belcher, and Ohio Ethics Commission Chief Investigative Counsel Nick "to serve jointly as special prosecutors to assist the investigators and the grand jury and to perform all other prosecutorial functions deemed warranted in their independent professional judgment as it relates to the investigation of Mahoning County's acquisition of the Oak Hill Renaissance Place."

{¶ 4} In July 2010, the Mahoning County Grand Jury returned a 73-count indictment charging Anthony M. Cafaro Sr., the Cafaro Company, Ohio Valley Mall Company, the Marion Plaza, Inc., John McNally IV, John Reardon, Michael V. Sciortino, John Zachariah, Martin Yavorcik, and Flora Cafaro with

2

engaging in a pattern of corrupt activity, conspiracy, perjury, bribery, money laundering, conflict of interest, filing false financial-disclosure statements, and soliciting or accepting improper communications. The defendants, including several current and former county officials and companies and persons who had an interest in having the county Department of Job and Family Services remain where it was, had opposed the relocation. Relator, John McCaffrey, is an attorney who represented defendants Ohio Valley Mall Company and Marion Plaza, Inc., in the criminal cases.

{¶ 5} Before the indictment was returned, a newspaper article reported that Mahoning County Assistant Prosecuting Attorney Linette Stratford had been seen outside the grand jury room with the special prosecutors. On May 21, 2010, McCaffrey requested that respondent Mahoning County Prosecutor's Office "make available at cost copies of the following categories of documents":

1. All records referring or relating to any support or assistance that has been provided by any employee or representative of the Prosecutor to Special Prosecutors Dennis Will and/or Paul Nick, or anyone acting in concert with either or both of them, including b[ut] not limited to any support or assistance provided by Linette Stratford.

{¶ 6} In June 2010, Gains responded to McCaffrey's request by providing 16 pages of documents, including his application for the appointment of special prosecutors, the common pleas court order appointing special prosecutors, an e-mail in which he forwarded a copy of the newspaper article to Special Prosecutor Will, and an e-mail indicating that there were no records, receipts, or requests for reimbursement or any other type of record associated with travel to

Lorain County for any prosecutor's office employee for the period from December 2009 through May 2010.

{¶ 7} On July 28, 2010, McCaffrey requested that the prosecutor's office "make available at cost copies of the following categories of documents":

1. All calendars of Mahoning County Prosecutor Paul Gains ("Gains"), Assistant Mahoning County Prosecuting Attorney Linette Stratford ("Stratford"), and Assistant Mahoning County Prosecuting Attorney Gina Bricker ("Bricker") for the period of November 1, 2008 to the present.

2. All records of hours worked and duties performed by Gains, Stratford, and Bricker for the period of November 1, 2008 to the present.

3. All e-mail messages sent or received by Gains, Stratford, and Bricker for the period of 2008 to the present referring or relating to Oakhill Renaissance Place ("Oakhill"), referring or relating to Special Prosecutors of the Mahoning County Prosecutors Office, representatives of the Ohio Ethics Commission, and/or the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010).

4. All expense reports submitted by or on behalf of Gains, Stratford, and Bricker for the period of November 1, 2008 to the present.

5. Records of any complaint, claim, or grievance generated by or against the Mahoning County Prosecutor[']s Office (or any of its employees) concerning matters involving the Mahoning

4

County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010).

6. Records of communications between the Mahoning County Prosecutor[']s Office (including any one of its employees) and Mahoning County Common Pleas Judge [James C.] Evans concerning matters involving the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010).

7. Records of communications between the Mahoning County Prosecutor[']s Office (including any one of its employees) and persons comprising the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010).

{¶ 8} By letter dated August 19, 2010, Gains responded to the second request by (1) denying the request for calendars, (2) providing copies of the civil-division case logs for Prosecutor Gains and Assistant Prosecutors Stratford and Bricker from 2008 to that time, with portions of the records redacted based on attorney-client privilege, (3) stating that records relating to the third category of records requested had been provided in the response to McCaffrey's previous records request, (4) providing expense reports for Gains and Bricker and stating that no expense reports existed for Stratford, (5) stating, without confirming or denying the existence of records in the fifth category of requested records, that the requested records were exempt from disclosure under Gov.Bar R. V(11)(E), and (6) stating that the records requested in the sixth and seventh categories of McCaffrey's records request did not exist. Gains's response did not contain metadata concerning the requested documents.

**{¶ 9}** A month later, on September 20, 2010, McCaffrey filed this action for a writ of mandamus to compel Gains and the Mahoning County Prosecutor's Office to provide access to all of the requested records in the first, fifth, sixth, and seventh categories of his July 28, 2010 records request in their possession, including metadata, that had not been produced, and to submit for in camera inspection unredacted records in the second category. Respondents filed an answer and a motion for judgment on the pleadings. In December 2010, respondents submitted additional records responsive to McCaffrey's May 21, 2010 request, and in March 2011, respondents submitted additional records responsive to the third category of McCaffrey's July 28, 2010 request.

**{¶ 10}** We denied respondents' motion for judgment on the pleadings, granted an alternative writ, and issued a schedule for the presentation of evidence and briefs. 128 Ohio St.3d 1442, 2011-Ohio-1618, 944 N.E.2d 692. During discovery in this case, we granted respondents' motion to quash McCaffrey's deposition of Diane Stokes, a clerical assistant in the Mahoning County Prosecutor's Office. 128 Ohio St.3d 1451, 2011-Ohio-1702, 944 N.E.2d 1176. We later suppressed the Stokes deposition and denied McCaffrey's motion to compel the court reporter and videographer to produce to him the transcript and DVD of the Stokes deposition. 128 Ohio St.3d 1491, 2011-Ohio-2229, 946 N.E.2d 761. Further, we denied McCaffrey's motion for leave to file and serve an amended complaint, which would have added claims concerning all of the categories specified in his May 21, 2010 and July 28, 2010 records requests based, in part, on allegations concerning Stokes's testimony at the ultimately suppressed deposition. 129 Ohio St.3d 1407, 2011-Ohio-3244, 949 N.E.2d 1003. The parties submitted evidence and briefs in accordance with the alternative writ.

**{¶ 11}** On July 11, 2011, the judge presiding over the underlying criminal cases dismissed the indictment without prejudice pursuant to Crim.R. 48(A). We ordered the parties to file supplemental briefs on the issue of the effect of the

dismissal of the underlying criminal cases on McCaffrey's mandamus claim. 129 Ohio St.3d 1445, 2011-Ohio-4217, 951 N.E.2d 1043. The parties submitted supplemental briefs.

{¶ 12} This cause is now before this court for resolution of respondents' motions to strike McCaffrey's evidence and for leave to supplement its presentation of evidence and on the merits of McCaffrey's public-records mandamus claim.

### Analysis

#### *Respondents' Motions*

{¶ 13} Respondents filed motions to strike relator's evidence and to supplement their own evidence, and McCaffrey filed memoranda in opposition.

{¶ 14} For the motion to strike, we exercise our broad discretion and grant the motion. *See State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 37, quoting *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 26 (" 'The determination of a motion to strike is vested within the broad discretion of the court' "). McCaffrey's evidence comprises affidavits of two of his attorneys in which they both allege what Stokes testified to at her deposition. But that evidence is inadmissible because we quashed McCaffrey's subpoena of Stokes and suppressed her deposition. We also denied his motion to compel discovery of answers to interrogatories and deposition questions concerning the underlying criminal investigation and prosecution.

{¶ 15} Respondents' motion to supplement the evidence with the state's memorandum in opposition to the defendants' joint motion to compel the issuance of subpoenas duces tecum, which was filed after respondents' evidence was due here, need not be addressed here because it is rendered moot by our disposition.

*Mandamus*

**{¶ 16}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Although "[w]e construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records," *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6, the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence, *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus ("Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence"); *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus ("Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established' ").

*Scope of Mandamus Claims:*

*Effect of Denial of Relator's Motion for Leave to Amend Complaint*

**{¶ 17}** In his merit briefs, McCaffrey claims entitlement to the requested extraordinary relief based upon all of the categories of documents he specified in his May 21, 2010 and July 28, 2010 requests. But in his complaint, McCaffrey limited his request for extraordinary relief in mandamus to the first (calendars), second (hours worked and duties performed), fifth (complaints, claims, or grievances by or against the Mahoning County Prosecutor's Office concerning matters involving the grand jury), sixth (communications between the Mahoning

County Prosecutor's Office and Mahoning County Common Pleas Court Judge Evans concerning matters involving the grand jury), and seventh (communications between the Mahoning County Prosecutor's Office and the grand jurors) categories of copies of documents specified in his July 28, 2010 request. And we denied his motion for leave to amend his complaint to include claims based on the remaining categories of documents stated in his requests when his proffered amended complaint included allegations concerning the suppressed deposition of a Mahoning County Prosecutor's Office clerical assistant. 129 Ohio St.3d 1407, 2011-Ohio-3244, 949 N.E.2d 1003.

{¶ 18} Therefore, McCaffrey waived any claim concerning the categories of records not specified in his complaint, including those relating to support provided by any employee of the Mahoning County Prosecutor's Office to the special prosecutors and the e-mails received by Gains, Stratford, and Bricker from 2008 to July 2010 relating to Oakhill Renaissance Place, the special prosecutors, or the grand jury. *See, e.g., State ex rel. Mack v. Collier*, 129 Ohio St.3d 497, 2011-Ohio-4188, 954 N.E.2d 115 (relator waived claim for writ of mandamus that he did not seek in his mandamus complaint).

*Scope of Mandamus Claims:*

*Requirement of Prior Request*

{¶ 19} In his complaint, McCaffrey requests a writ of mandamus to compel respondents to provide him with copies of the corresponding metadata to the categories of documents specified therein. Metadata is "[s]econdary data that organize, manage, and facilitate the use and understanding of primary data." *Black's Law Dictionary* 1080 (9th Ed.2009). Respondents claim that McCaffrey is not entitled to the requested metadata, because he did not properly request it. We agree.

{¶ 20} "R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action." *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d

385, 390, 715 N.E.2d 179 (1999); *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14.

{¶ 21} McCaffrey did not specify his request for metadata in either his May 21, 2010 or in his July 28, 2010 records request. Instead, he requested that the prosecutor's office "make available at cost copies of the following categories of *documents*." (Emphasis added.) And even though McCaffrey also specified in his request that " 'records' shall mean and include any document, device, recording (audio, visual, or electronically stored), transcript, or item, regardless of physical form or characteristic, including an electronic record as defined in Section 1306.01 of the Revised Code," he did not specify that the "documents" were to include metadata.

*Nonexistent Records*

{¶ 22} McCaffrey did request "[r]ecords of communications between the Mahoning County Prosecutor[']s Office (including any one of its employees) and Mahoning County Common Pleas Judge Evans concerning matters involving the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010)" and "[r]ecords of communications between the Mahoning County Prosecutor[']s Office (including any one of its employees) and persons comprising the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010)," and he also sought relief based on these requests in his complaint.

{¶ 23} The evidence establishes, however, that these records do not exist. For example, in his verified discovery answers, Gains denied that he had any documents that were responsive to these requests, and his denials were consistent with his August 19, 2010 response to McCaffrey's requests.

{¶ 24} McCaffrey claims that some of these requested records exist for the first category because of respondents' statement in their merit brief that they had "subsequently located attorney-client communications between the

Prosecuting Attorney's Office and Judge Evans, but these documents did not involve the grand jury, but involved another matter unrelated to the indictment and grand jury." But there is no evidence to support the existence of records of communications between the Mahoning County Prosecutor's Office and the judge concerning matters involving the grand jury, and respondents' statement in their brief expressly specifies that any communications did not concern matters involving the grand jury.

{¶ 25} McCaffrey further claims that there is evidence that a record exists that is responsive to the second records category because Gains testified that Mahoning County Assistant Prosecuting Attorney Don Duda heard from a county employee about potential misconduct by a grand juror, and Gains instructed Duda to write a letter concerning what he had been told, which would be sealed and given to Stratford to forward to the special prosecutors. But the letter did not constitute a record of a communication between the prosecutor's office and a member of the grand jury—at best, it was a communication between the prosecutor and the special prosecutors that summarized a conversation between an assistant prosecuting attorney and a county employee about a grand juror.

{¶ 26} Therefore, McCaffrey has not established that these records exist by the requisite clear and convincing evidence. Respondents do not have any duty under the Public Records Act to create records that do not exist. *State ex rel. Chatfield v. Gammill*, 132 Ohio St.3d 36, 2012-Ohio-1862, 968 N.E.2d 477, ¶ 3. Insofar as McCaffrey claims that he has "a reasonable and good faith belief that [these] [d]ocuments do, in fact, exist, and is entitled to know what steps, if any, Gains took to search for the * * * [d]ocuments," his belief does not constitute sufficient evidence to establish that the documents do exist, and there is no duty under R.C. 149.43 for respondents to detail the steps taken to search for records responsive to the requests. *State ex rel. Patton v. Rhodes*, 129 Ohio St.3d 182, 2011-Ohio-3093, 950 N.E.2d 965, ¶ 17, quoting *State ex rel. Pipoly v. State*

*Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18 (" 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus' ").

*Complaints, Claims, or Grievances*

{¶ 27} McCaffrey also requests "[r]ecords of any complaint, claim or grievance generated by or against the Mahoning County Prosecutor[']s Office (or any one of its employees) concerning matters involving the Mahoning County Grand Jury (term beginning on or about January 2010 and expiring on July 30, 2010)" and sought these records in his complaint.

{¶ 28} He first cites the same letter Gains instructed Assistant Prosecuting Attorney Duda to draft concerning what a county employee told him about possible misconduct by a grand juror. The "complaint" referred to in the letter, however, was generated neither by nor against the county prosecutor's office—it was generated by an unnamed county employee against a grand juror.

{¶ 29} McCaffrey next cites a complaint regarding a grand juror that led to his removal by the presiding judge. Judge Evans noted in his January 7, 2010 letter informing the grand juror that he was being discharged that the court "was informed by Assistant Prosecutor Dawn Cantalamessa that [his] actions upon convening of the first case to be heard by the Grand Jury on January 7, 2010 were other than appropriate." But there is no evidence that a record was made of any communication between the assistant prosecutor and Judge Evans. As Assistant Prosecuting Attorney Bricker testified, the judge could have been informed of the grand juror's misconduct by an oral communication instead of by a written one.

{¶ 30} Finally, McCaffrey cites testimony by Gains to claim that "it is clear that a complaint was filed with the Office of Disciplinary Counsel against [Assistant Prosecuting Attorney] Stratford relating to her ongoing role in the

Oakhill investigation, and that Mr. Gains defended her in that matter, writing one or more responsive letters on her behalf." But Gains's testimony is conflicting on the existence of these documents. And even assuming that these records concerning the alleged grievance actually exist, they would relate to a grievance filed against Stratford, which would be exempt from disclosure under Gov.Bar R. V(11)(E)(1) ("All proceedings and documents relating to review and investigation of grievances made under these rules shall be private," with exceptions not relevant here). Notwithstanding McCaffrey's argument to the contrary, the mere fact that attorneys are "not required to take the oath set forth in Gov.Bar R. V(11)(E)(4) does not exempt them from the obligation to maintain the privacy of a disciplinary grievance prior to the certification of a complaint by a probable-cause panel." *Disciplinary Counsel v. Pullins*, 127 Ohio St.3d 436, 2010-Ohio-6241, 940 N.E.2d 952, ¶ 14.

*Calendars*

{¶ 31} McCaffrey requests "[a]ll calendars" of Gains, Stratford, and Bricker for the period of November 1, 2008, through the July 28, 2010 date of his request. Respondents withheld the requested calendars based on *Internatl. Union, United Auto., Aerospace & Agricultural Implement Workers of Am. v. Voinovich*, 100 Ohio App.3d 372, 654 N.E.2d 139 (10th Dist.1995).

{¶ 32} In *Internatl. Union*, the Tenth District Court of Appeals held that the governor's personal calendars and appointment books were not public records subject to disclosure under R.C. 149.43 because there was no evidence that the calendars and books documented any official purpose:

> [R]espondent asserts in his brief that his personal calendars and appointment books are not circulated within his office for any official purpose, do not serve to document any official activities or functions within the office, are maintained solely by him, and may

be discarded at any time. In contrast, respondent contends that the public calendar, which was made available to relator, documents his official activities and functions and, thus, constitutes a "record" and "public record" subject to disclosure.

Relator's "Individual Evidentiary Statement" fails to present any factual basis for its assertion that the requested items serve to document either the organization, functions, policies, decisions, procedures, operations, or other activities of respondent's office. Indeed, relator has not asserted that other members of respondent's office had access to or used his personal calendars or appointment books for any official purpose. In the absence of any evidence to the contrary, we must accept respondent's assertions that the personal calendars and appointment books are maintained solely by him for his own personal convenience, and do not serve to document the official functions, activities, etc. of the Governor's Office. Thus, we conclude that because respondent's personal calendars and appointment books do not serve to "document the organization, functions, policies, decisions, procedures, operations or other activities of the office," these documents do not meet the definition of a "record" as used in R.C. 149.011(G) and, thus, are not "public records" subject to disclosure pursuant to R.C. 149.43

*Id.* at 377-378.

{¶ 33} Unlike the personal calendars at issue in *Internatl. Union*, the calendars here, as established by the uncontroverted evidence, were used at least occasionally by Gains, Stratford, and Bricker to make work-related entries, like hearing dates and deadlines for briefs. Work-related calendar entries are

manifestly items created by Mahoning County Prosecutor's Office employees that serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. These portions of the requested calendars consequently are records for purposes of R.C. 149.011(G) and 149.43. *See* R.C. 149.011(G); *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer,* 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 31; *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 20 ("any record that a government actor uses to document the organization, policies, functions, decisions, procedures, operations, or other activities of a public office can be classified reasonably as a record").

{¶ 34} Therefore, McCaffrey is entitled to the requested copies of those portions of the calendars of Gains, Stratford, and Bricker for the pertinent period that are work-related entries.

*Records of Hours Worked and Duties Performed*

{¶ 35} For the final category of records requested by McCaffrey that was the subject of his complaint, he seeks copies of "[a]ll records of hours worked and duties performed by Gains, Stratford, and Bricker for the period of November 1, 2008," until the date of his July 28, 2010 request.

{¶ 36} In responding to this request, respondents provided redacted copies of civil-case logs for Gains, Stratford, and Bricker. Insofar as McCaffrey requested the duties performed by these attorneys, the narrative portions of respondents' opinion and miscellaneous logs were properly redacted based on attorney-client privilege. "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of those records." *State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000); R.C. 149.43(A)(1)(v). We have similarly held that the narrative portions of itemized attorney-billing statements containing descriptions of legal services

performed by counsel for a client are protected by the attorney-client privilege. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 28-29.

{¶ 37} Therefore, respondents complied with McCaffrey's request by providing the redacted records.

*Sealed Records*

{¶ 38} Respondents claim that records concerning the underlying criminal cases that were provided for the court's in camera review are exempt from disclosure under the Public Records Act as trial-preparation records, confidential law-enforcement investigatory records, or records that are otherwise exempt under state law. McCaffrey counters that these exemptions are inapplicable because respondents were not prosecuting the criminal cases after the November 2008 appointment of the special prosecutors so that respondents should comply with his requests for records relating to respondents' support and assistance to the special prosecutors after their appointment and e-mails sent or received by Gains, Stratford, and Bricker after the appointment of the special prosecutors.

{¶ 39} These requests, however, are not part of the relief requested in McCaffrey's complaint, and we denied his motion for leave to amend his complaint when he relied on evidence from the suppressed deposition. Therefore, McCaffrey's claim that any exemptions are inapplicable because he was seeking records of respondents' misconduct rather than evidence concerning the then-pending criminal cases is not properly before this court.

{¶ 40} In fact, even assuming that the claim was properly before us, it appears that the records were exempt from disclosure under R.C. 149.43 as trial-preparation records of the underlying criminal cases. *See State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), paragraphs two and three of the syllabus ("In the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery," and "Information, not subject to discovery pursuant to

Crim.R. 16(B), contained in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to R.C. 149.43 and is specifically exempt from release as a trial preparation in accordance with R.C. 149.43(A)(4)").

{¶ 41} McCaffrey's reliance on *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, and *State ex rel. Keller v. Cox*, 85 Ohio St.3d 279, 707 N.E.2d 931 (1999), to claim otherwise is misplaced. *Gilbert* and *Morgan* merely stand for the proposition that we have not recognized an analogue to *Steckman* for *civil* litigants to circumvent limits on *civil* discovery to obtain certain records. *See Morgan* at ¶ 43-45. And *Keller* simply reiterates the unremarkable proposition that personnel and internal investigative records of police officers—aside from certain personal information protected by the constitutional right of privacy—are public records under R.C. 149.43 "because they have nothing to do with the crime or the criminal case itself." *Keller* at 282. By contrast, a review of the sealed records here establishes that the records have everything to do with the criminal cases and nothing to do with McCaffrey's assertions of prosecutorial misconduct. And the mere fact that the cases have now been dismissed without prejudice by the state does not prevent the records from remaining exempt because "[o]nce a record becomes exempt from release as a 'trial preparation record,' that record does not lose its exempt status unless and until all 'trials,' 'actions' and/or proceedings' have been fully completed." *Steckman* at paragraph four of the syllabus.

### Conclusion

{¶ 42} Therefore, relator has, for the most part, not established his entitlement to the requested extraordinary relief in mandamus for most of the requests that are the subject of his complaint, and we deny the writ for most of his claims. Relator, however, has established his entitlement to a writ of mandamus

to compel respondents to provide copies of those portions of the requested calendars of Gains, Stratford, and Bricker that are work-related entries for the period of November 1, 2008, to July 2010, and we grant the writ to that limited extent.

Writ granted in part

and denied in part.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Baker & Hostetler, L.L.P., Stephen J. Schlegelmilch, Lisa M. Ghannoum, and Sara L. Witt, for relator.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Tim Tusek, for respondent.

_____