[Cite as *McCoy v. Madison Corr. Inst.*, 2022-Ohio-313.]

| | |
|---|---|
| MAIYA MCCOY | Case No. 2021-00223PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| MADISON CORRECTIONAL INSTITUTION | |
| Respondent | |

{¶1} Requester Maiya McCoy—a self-represented litigant—objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules McCoy's objections for reasons set forth below.

## I. Background

{¶2} On April 23, 2021, McCoy filed a complaint against Respondent Madison Correctional Institution (MCI) in which she claimed that she made public-records requests on December 20, 2020, January 3, 2021, and January 13, 2021. McCoy states in the complaint: "There is abuse occurring and I would like to see if the staff is [properly] and correctly maintaining their official duties when interacting with the prisoners off our tax dime. We have been given information that they are [purposely] not within their official capacity even when being confronted to follow proper protocol. Being shown a handbook should also not be ignored purposely."

{¶3} The Court appointed a Special Master who referred the case to mediation. On September 14, 2021, a mediator issued an entry wherein the mediator stated:

> On September 9, 2021, the court attempted to conduct a mediation with the parties; however, requester did not contact the court at the designated time. Respondent was present and prepared to proceed. No further mediation will be scheduled.

(Entry, September 14, 2021.)   On McCoy's motion, the Special Master returned the case to the mediator for further proceedings. (Entry, September 23, 2021.)  Thereafter, on November 12, 2021, in an entry the mediator stated:

> On November 10, 2021, the court attempted to conduct a mediation with the parties. Counsel for respondent was present and prepared to proceed; however, requester did not contact the court at the designated time. No further mediation will be scheduled.

(Entry, November 12, 2021.)  That same day—November 12, 2021—the Court returned the case to the Special Master's docket.  (Entry, November 12, 2021.)

{¶4} On December 30, 2021, the Special Master issued a Report and Recommendation (R&R).   The Special Master states, "Upon consideration of the pleadings and attachments, the special master recommends the court issue an order finding requester's claim for production of records has been rendered moot. Because respondent did not provide the records until eight months after the requests were made, it is recommended that costs be assessed to respondent."  (R&R, 4.)

{¶5} On January 11, 2022, McCoy filed three sets of objections to the Report and Recommendation.  MCI has not filed a timely response to McCoy's objections.

## II.  Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the

response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} McCoy has filed several sets of written objections to the Report and Recommendation; McCoy's objections appear to be substantially the same. Although McCoy's objections are accompanied by proofs of service, a review of McCoy's proofs of service discloses that McCoy has not complied with R.C. 2743.75(F)(2), which requires objections to be sent to the other party by certified mail, return receipt requested. Thus, McCoy has failed to comply with R.C. 2743.75(F)(2)'s procedural requirements. The Court is cognizant that McCoy is a self-represented litigant but, as the Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

{¶8} R.C. 2743.75(F)(2) requires any objection to a report and recommendation to be "specific and state with particularity all grounds for the objection." McCoy generally insists in the objections that certain requested videos have been deleted,

corrupted, or improperly installed, which, in turn, makes them unviewable. McCoy's belief about the existence of certain videos does not constitute sufficient evidence to establish that certain videos do exist. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26 (a reasonable and good faith belief that documents exist does not constitute sufficient evidence to establish that the documents exist and there is no duty under R.C.149.43 for a respondent to detail steps taken to search for records responsive to requests). Notably, in the Report and Recommendation the Special Master found that McCoy failed to respond to a court order requiring her to (1) confirm or deny receipt of the documents that MCI indicates have now been provided to her, (2) indicate which, if any, redactions she contests in the records that were provided, and (3) describe with specificity any responsive documents she believes that are still being withheld by MCI. (R&R, 4.) The Special Master found that, based on the evidence, McCoy had not proven by clear and convincing evidence that any further responsive video records existed in MCI's possession at the time the requests were made. (R&R, 4.)

{¶9} Upon review, and notwithstanding McCoy's objections, the Court holds that the Special Master has identified the pertinent issues and reached the correct legal determination in the Report and Recommendation based on the ordinary application of statutory law and case law, as they existed at the time of the filing of the Complaint.

### III. Conclusion

{¶10} For reasons set forth above, the Court OVERRULES McCoy's objections and the Court adopts the Special Master's Report and Recommendation. The Court finds that McCoy is an aggrieved person under R.C. 2743.75(F)(3), because, as determined by the Special Master, MCI did not provide requested records until eight months after the requests were made. Pursuant to R.C. 2743.75(F)(3)(b), McCoy therefore is entitled to recover from MCI the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by McCoy, but

McCoy is not entitled to recover attorney fees.  Court costs are assessed against MCI. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed January 27, 2022
Sent to S.C. Reporter 2/4/22