[Cite as *AIY Properties, Inc. v. Cleveland*, 2025-Ohio-1294.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| AIY PROPERTIES, INC. | Case No. 2025-00044PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION & ENTRY</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} On February 24, 2025, Requester (AIY) timely filed an objection to the Special Master's Report and Recommendation (R&R). On February 26, 2025, Respondent (the City) timely filed an objection to the R&R. On February 27, 2025, AIY timely filed a response to the City's objection; the City did not file a response to AIY's objection. For the reasons stated below, the Court overrules both objections and adopts the R&R.

### I.      Background

{¶2} AIY requested itemized reports of all expenditures of the Cleveland Housing Court from 2018 to 2023, and itemized expenditures for the City's Building and Housing Department for 2022 and 2023. The City produced many records; however, AIY asserted that additional unproduced records exist. In its Motion to Dismiss, the City asserted that the Court does not have jurisdiction over the request for Cleveland Housing Court records because the Rules of Superintendence apply to requests for court records, not the Public Records Act. Additionally, the City argued that the request for the Building and Housing records is moot because it provided all responsive records.

{¶3} In the R&R, the Special Master found that the Court does have jurisdiction over the request for the Housing Court records because "[t]he records at issue may well be the types of materials that would be court records *in the possession of a court*, but they are also public records subject to R.C. 149.43 if [the City] has copies of them."

However, the Special Master determined that AIY did not produce clear and convincing evidence that such records exist in the City's possession. The Special Master found that AIY also failed to produce clear and convincing evidence that additional responsive records exist related to Building and Housing Records. Therefore, the Special Master recommended that the Court enter judgment for the City and assess costs against AIY.

{¶4} AIY objects to the R&R, asserting that the Special Master's recommendation was contrary to the evidence presented. Specifically, AIY argues that the City did not provide sworn affidavits regarding the Housing Court records or argue that it has provided all responsive records in it's possession. Therefore, AIY requests that the Court order the city to immediately provide all responsive records regarding the Housing Court request.

{¶5} The City objects to the Special Master's finding that this Court has jurisdiction over the Housing Court requests. The City argues that the Rules of Superintendence, not the Public Records Act, governs the request for court records. The City asserts that the Special Master's erred in relying on *Fairley v. Cuyahoga Cty. Prosecutor*, 2020-Ohio-1425 (Ct. of Cl.), in determining jurisdiction. The City further argues that because the Housing Court records are not accessible by a Building and Housing Department employee, this Court lacks jurisdiction over AIY's request.

## II.    Law and Analysis

{¶6} The "Rules of Superintendence of the Court of Ohio are applicable to all courts of appeal, courts of common pleas, municipal court, and county courts in this state." Sup. R. 1. As related to public records, the Rules of Superintendence, therefore, apply only to requests for court records *as directed to a court*. *Fairley*, ¶ 16. AIY requested the records from the City, which is not a court, therefore, the Public Records Act, not the Rules of Superintendence, govern AIY's request. The Court finds that the Special Master did not err in determining that this Court has jurisdiction over AIY's request to the City for the Housing Court records. The Court OVERRULES the City's objection.

{¶7} Where a public office asserts that all records have been provided, a requester must provide sufficient evidence that the records exist in order to succeed on a public records claim. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177 (Ct. of Cl.).

If the public office provides affidavit testimony that no records exist, the requester must provide clear and convincing evidence that the records do exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246 (Ct. of Cl.).

{¶8} Here, AIY made requests to the City, through its Building and Housing Department, for Housing Court expenditures. (Complaint, p. 2.) The City provided an affidavit from the Fiscal Manager for the Department of Building and Housing of the City that states that the City does not keep Housing Court fiscal records. AIY did not provide any evidence, let alone clear and convincing evidence, that the City maintains possession of these records and has withheld them. Therefore, the Court OVERRULES AIY's objection and finds that the Special Master did not err in his analysis of the evidence presented.

### III.     Conclusion

{¶9} For the reasons set forth above, the Court OVERRULES Requester's and Respondent's objections and ADOPTS the Special Master's R&R. Therefore, (1) judgment is entered in favor of Respondent and (2) costs are assessed against Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 12, 2025**
**Sent to S.C. Reporter 4/11/25**