**[Cite as *State ex rel. Preston v. Hoying*, 2026-Ohio-528.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Atravion Preston, | : | |
| Relator, | : | |
| v. | : | No.  25AP-719 |
| Lisa Hoying (Parole Board Chair) Ohio Parole Board, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 17, 2026

**On brief:** *Atravion Preston*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *D. Chadd McKitrick*, and *Marcy Vonderwell,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1}  Relator, Atravion Preston, requests a writ of mandamus ordering respondent, Lisa Hoying (parole board chair) Ohio Parole Board ("parole board"), to produce the public records he requested.  Respondent has filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6).

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded that relator has failed to comply with the requirements of R.C. 149.43(C)(1) and (2).  Specifically, relator did not file, in conjunction with his

petition, a written affirmation affirming that he completed the three requirements in R.C. 149.43(C)(2). Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondent and dismiss relator's action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown he is entitled to a writ of mandamus, and his action must be dismissed.

*Action dismissed.*

JAMISON and DINGUS, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Atravion Preston, | : | |
| Relator, | : | |
| v. | : | No.  25AP-719 |
| Lisa Hoying (Parole Board Chair) Ohio Parole Board, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 21, 2025

*Atravion Preston*, pro se.

*Dave Yost*, Attorney General, *D. Chadd McKitrick*, and *Marcy Vonderwell*, for respondent.

IN MANDAMUS ON RESPONDENT'S
MOTION TO DISMISS

{¶ 5}   Relator, Atravion Preston, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Lisa Hoying (parole board chair) Ohio Parole Board ("parole board"), to provide the public records he requested.

Findings of Fact:

{¶ 6}   1. Relator is an inmate at Lorain Correctional Institution in Grafton, Ohio.

{¶ 7}   2. Respondent Hoying is the chair of the parole board in Ohio.

{¶ 8}    3. According to relator's September 9, 2025, petition for writ of mandamus, on September 1, 2025, relator sent via a "kite," a jail messaging system, a public-records request to the parole board seeking a copy of his violation-hearing audio or transcription from May 27, 2025, and June 16, 2025, and any records being kept by the parole board that included his name. The parole board responded that there were no transcripts of the violation hearings, and he would need a court order to receive the audio recordings.

{¶ 9}    4. In his September 9, 2025, petition, relator requested a court order to receive all public records being kept by the parole board that included his name. Relator also sought statutory damages for respondent's failure to produce the requested public records.

{¶ 10} 5. On October 10, 2025, respondent filed a motion to dismiss relator's petition. Relator has not filed a response.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition for writ of mandamus.

{¶ 12} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 2006-Ohio-903, ¶ 6; *see also* R.C. 149.43(C)(1)(b). In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 13} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5.

{¶ 14} Pursuant to R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time.

Courts are to construe the Public Records Act liberally in favor of broad access and are to resolve doubts in favor of disclosure of the public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16.

{¶ 15} In the present case, respondent argues that relator failed to comply with the requirements in R.C. 149.43(C)(1) and (2). R.C. 149.43 was amended on April 9, 2025, and imposes additional procedural requirements on a person filing a public-records mandamus action. The Supreme Court of Ohio summarized the amendments to R.C. 149.43(C), as follows:

> Before filing a mandamus action for a Public Records Act violation, a person must first serve a complaint on the public office or person responsible for the requested records. R.C. 149.43(C)(1). The public office then has three business days to cure the alleged violation. *Id.* Compliance with this requirement is a prerequisite to the commencement of a lawsuit. *Id.* A person may not file a mandamus action unless he submits with his petition
>
> "[A] written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, [that] the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit."
>
> R.C. 149.43(C)(2). "If the person fails to file [the] affirmation . . . , the suit shall be dismissed." *Id.*

*State ex rel. Jordan v. Dept. of Rehab. & Corr.*, 2025-Ohio-3051, ¶ 4.

{¶ 16} In the present case, relator has failed to comply with R.C. 149.43(C)(1) and (2). Relator did not file, in conjunction with his petition, a written affirmation affirming that he completed the three requirements in R.C. 149.43(C)(2). Therefore, pursuant to R.C. 149.43(C)(2), the magistrate is required to dismiss relator's petition.

{¶ 17} Accordingly, it is the magistrate's recommendation that the court grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.