[Cite as *Schaffer v. Ohio State Univ.*, 2025-Ohio-1649.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ALEX SCHAFFER | Case No. 2024-00876PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} In this public-records case, Requester, a self-represented litigant, objects to a Special Master's Report and Recommendation and moves to strike portions of Respondent's Response in opposition. For reasons explained below, the Court overrules Requester's Objections, denies Requester's motion to strike portions of Respondent's Response, and adopts the Special Master's Report and Recommendation.

## I. Background and Procedural History

{¶2} On December 12, 2024, Requester filed a Complaint under R.C. 2743.75(D) wherein Requester alleged a denial of access to public records in violation of R.C. 149.43(B) and Requester asked the Court to bypass mediation. The Court appointed a Special Master who determined that this case should not be referred for mediation and who issued an order for the filing of evidence. The parties thereafter engaged in motion practice. On January 28, 2025, Requester moved to strike pages 834-838 of Respondent's Evidence Packet; on January 31, 2025, Respondent filed a Combined Brief in Response and Motion To Dismiss; and, on February 11, 2025, Requester moved to strike portions of the Affidavit of Scott Hainer and portions of an attachment.

{¶3} On February 13, 2025, the Special Master issued a Report and Recommendation (R&R). The Special Master states, "This case involves a two-part public records request [Requester] made to OSU [The Ohio State University]. Both parts sought lists of the names and email addresses of persons who receive newsletters about

[Respondent's] athletic activities (collectively 'the Lists')." (R&R, 1.) In the Report and Recommendation, the Special Master concludes that Respondent properly applied its policy on commercial requests for public records and that Court should follow recent precedent issued by the Tenth District Court of Appeals. The Special Master recommends that the Court (1) enter judgment for Respondent, (2) order Requester to bear the costs of this case, (3) deny Respondent's motion to dismiss, and (3) deny as moot Requester's motions to strike.

{¶4} On March 18, 2025, Requester filed written Objections to the Report and Recommendation. Six days later, on March 24, 2025, Requester filed a Notice with accompanying documentation establishing proof of service of the Objections on March 21, 2025. On March 28, 2025, Respondent, through counsel, filed a written Response to Requester's Objections. That same day—March 28, 2025—Requester filed a Motion To Strike Portions of Respondent's Response to Objections Of Requester.

{¶5} Pursuant to R.C. 2743.75(F)(2), the matter is before the Court for a final judgment. *See* R.C. 2743.75(F)(2) (requiring the issuance of a final order that adopts, modifies, or rejects a report and recommendation within seven business days after a response to an objection is filed).

## II.   Law and Analysis

### A. Requester's Motion To Strike Portions of Respondent's Response is not well taken.

{¶6} Under Ohio law the General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. R.C. 2743.75(F)(2) provides parties with an opportunity to file written objections to a report and recommendation, a written response thereto, and establishes a deadline for the issuance of a final judgment in a case filed under R.C. 2743.75.[1] R.C. 2743.75(F)(2)

---

[1]      Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. …If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

does not permit a party to move to strike another party's response to written objections. Under R.C. 2743.03(D), the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, *except insofar as inconsistent with this chapter.*" (Emphasis added.) Requester's Motion To Strike is inconsistent with the procedure established by the General Assembly in R.C. 2743.75(F).

**B. Legal Standard, Respondent's Objections, and Requester's Response.**

{¶7} Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶8} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are
> strictly construed against the public-records custodian, and the custodian

has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶9} R.C. 2743.75(F)(2) requires that any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Requester maintains in his Objections that the Special Master's Report and Recommendation "is not based on the ordinary application of statutory law or caselaw at the time of filing of the Complaint, and is predicated on factual conclusions that have not been established by clear and convincing evidence." Requester urges that the Special Master erred by relying on *Doe v. Ohio State Univ.*, 2024-Ohio-5891 (10th Dist.), *appeal denied*, 2025-Ohio-857, *motion for reconsideration pending*, because *Doe* was issued on December 17, 2024—after Requester filed his Complaint in this matter—and because, according to Requester, the controlling precedent is *Hicks v. Union Twp., Clermont Cty. Bd. of Trustees*, 2024-Ohio-5449, which was issued on November 21, 2024. Requester further maintains that the Special Master erred because the Special Master failed to specify the reason why *Doe* controls on the facts and subject matter, instead of *Hicks*, that the Special Master erred by determining the requested email distribution lists do not document the organization, functions, policies, decisions, procedures, operations, or other activities of Respondent pursuant to R.C. 149.011(G), and that the Special Master erred by determining that Respondent properly applied its policy on commercial requests.

{¶10} In response, Respondent, through counsel, asks the Court to overrule Requester's Objections, or, in the alternative, affirm and adopt the portion of the Special Master's Report and Recommendation that determined that the Respondent properly applied Respondent's policy limiting the number of commercial requests, which, in Respondent's view, renders any further decision unnecessary until such a time when the requests at issue are considered and a response given.

## C. Discussion

{¶11} Requester's Objections and Respondent's request for the adoption of only a portion of the Report and Recommendation are unpersuasive.

{¶12} First, any suggestion that the Special Master should have ignored *Doe*—precedent issued by the Tenth District Court of Appeals a few days after Requester filed his Complaint—is not well taken. *See Gulfstream Aero. Corp. v. Camp Sys. Internatl.*, S.D.Ga. No. 405CV018, 2007 U.S. Dist. LEXIS 64142, at *6-7 (Aug. 30, 2007 (discussing the meaning of the term "precedent"). In *Gulfstream Aerospace Corporation* a federal district court noted:

> [T]he law uses "precedent" in two very different ways. In the weaker sense, "precedent" merely refers to any authoritative pronouncement of a court that other courts have an obligation to respect; in this sense, any court decision may be a "persuasive precedent," although precisely what that means--how respectful a court must be--is unclear. The second, and stronger, sense is "binding precedent," which means that a lower court, subject to the appellate jurisdiction of the higher court, is required to follow the decisions of that court, or, more accurately, to follow the "holdings" of that court. This is sometimes called the doctrine of vertical precedent; "*stare decisis*" is also sometimes used to refer to binding precedent in this sense, although it is often used to refer only to what has been called horizontal precedent, the obligation of a court to follow its own precedents.

*Gulfstream Aerospace*, 2007 U.S. Dist. LEXIS 64142, at *6-7 (Aug. 30, 2007), quoting Charles A. Sullivan, *On Vacation*, 43 Hous. L. Rev. 1143, 1146-48 (footnotes omitted).

{¶13} Here, since Respondent's principal place of business is in Franklin County, Ohio, the Tenth District Court of Appeals is the appellate court with jurisdiction over any judgment in this case. *See* R.C. 2743.75(G)(1); *see generally* R.C. 2743.20 ("[a]ppeals from orders and judgments of the court of claims lie to the same courts under the same circumstances, as appeals from the court of common pleas of Franklin county, and the same rules of law govern their determination").

{¶14} *Doe*—issued by the Tenth District Court of Appeals—constitutes binding precedent, whose holding this Court is obligated to follow because this Court is subject to the Tenth District Court of Appeals' jurisdiction. *See In re Schott*, 16 Ohio App.2d 72, 75 (1st Dist.1968) ("[i]t is a general rule … that a decision of a court which has authority to review the decisions of another court is binding upon the latter court").

{¶15} Second, Requester's challenge to the Special Master's determination that Respondent properly applied its policy on commercial requests for public records is unpersuasive. Sixty-five years ago the Supreme Court of Ohio indicated that a public-records request may not unreasonably interfere with the discharge of the duties of a public-records custodian. *State ex rel. Patterson v. Ayers*, 171 Ohio St. 369, 371 (1960). In *Ayers* the Supreme Court of Ohio stated:

> "The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time, subject only to the limitation that such inspection does not endanger the safety of the record, *or unreasonably interfere with the discharge of the duties of the officer having custody of the same.*" 35 Ohio Jurisprudence, 45, Section 41.

(Emphasis added.) *State ex rel. Patterson v. Ayers* at 371. *See also Dayton Newspapers, Inc. v. Dayton*, 45 Ohio St.2d 107, 109 (1976); *State ex rel. Natl. Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 81 (1988).

{¶16} Under R.C. 149.43(B)(7)(c)(i) and (iii) a public office is authorized to adopt policies limiting the number of records provided for commercial purposes. In the Report and Recommendation, the Special Master stated: "Given [Requester's] explicit statement that he is in the ticket reselling business, and the [requested] Lists' obvious utility to that business, his non-denial of commercial purposes seems to be a thinly veiled evasion. OSU was not required to accept it." The Court does not disagree with the Special Master's reasoning or recommendation, especially given Requester's use of an email address with a commercial domain (i.e. "@empiresports.com") in Requester's filings.

{¶17} The remaining issue raised by Requester in the Objections is whether the Special Master's recommendation to follow *Doe*, instead of *Hicks*, constitutes error.

{¶18} In *Doe,* a ticket reseller submitted six public-records requests to The Ohio State University. *Doe v. Ohio State Univ.*, 2024-Ohio-5891, ¶ 2 (10th Dist.) The *Doe* court essentially held that ticketholders' mailing addresses, email addresses, and phone numbers do not qualify as "records" under Ohio Revised Code 149.011(G) that are subject to disclosure under the Public Records Act because they do not shed light on or document the organization, functions, policies, decisions, procedures, operations, or

activities of Ohio State University. In *Doe* the Tenth District Court of Appeals stated, "[W]e conclude that the Court of Claims properly determined the ticketholders' mailing addresses did not qualify as records under R.C. 149.011(G). We conclude that the Court of Claims erred in determining the ticketholders' email addresses and phone numbers qualified as records under R.C. 149.011(G)." *Doe* at ¶ 41.

{¶**19**} In *Doe* the Tenth District interpreted *Hicks v. Union Twp., Clermont Cty. Bd. of Trustees*, 2024-Ohio-5449, ¶ 17, stating:

> Under the foregoing precedent, whether personal information satisfies the third requirement of a record turns on whether that personal information sheds any light on the public office's performance of its activities. Thus, we must determine whether ticketholders' mailing addresses, email addresses, and telephone numbers shed light on Ohio State's ticketing activities. We conclude they do not. Any particular ticketholder's mailing address, email address, or telephone number reveals little to nothing about Ohio State's activities with regard to ticketing. The evidence shows that Ohio State uses ticketholders' email addresses and telephone numbers to administer the sale and distribution of tickets. However, by themselves, the mailing addresses, email addresses, and telephone numbers provide no information about or insight into Ohio State's ticketing organization, functions, policies, decisions, procedures, operations, or activities. Because the ticketholders' personal information would not further the public understanding of the inner workings of Ohio State's ticketing process, disclosure of that information would not assist in monitoring government conduct.

*Doe v. Ohio State Univ.*, 2024-Ohio-5891, ¶ 31 (10th Dist.).

{¶**20**} *Doe*—including its holdings, and its interpretation and application of *Hicks*—is binding precedent that this Court is obligated to follow. *See Seminole Tribe v. Florida*, 517 U.S. 44, 67 (1996) ("[w]hen an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound"). It is not for this Court to decide whether in *Doe* the Tenth District Court of Appeals misinterpreted or misapplied *Hicks* or *Hicks*' holding. *See Hicks, supra*, at ¶ 1 (holding

that email-and mail-distribution lists for newsletters created by a township are public records). As a lower court within the jurisdiction of the Tenth District Court of Appeals, this Court is required to follow *Doe* until the Ohio Supreme Court either reverses *Doe* or announces a contrary doctrine. As the Special Master aptly noted, "I recognize that this result is hard to square with *Hicks*, but *Doe* is controlling precedent in this case." (R&R, 6.)

### III.     Conclusion

{¶21} After carefully considering Requester's Objections and the relevant law, and after carefully considering the facts and circumstances presented here, the Court OVERRULES Requester's Objections to the Report and Recommendation filed on March 18, 2025, DENIES Requester Alex Schaffer's Motion To Strike Portions Of Respondent's Response To Objections Of Requester filed on March 28 2025, and ADOPTS the Special Master's Report and Recommendation issued on February 13, 2025.

{¶22} In accordance with the Special Master's recommendations, the Court enters judgment for Respondent, denies Respondent's Motion to Dismiss, and denies Requester's other Motions To Strike. Court costs are assessed against Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

LISA L. SADLER
Judge

**Filed April 1, 2025**
**Sent to S.C. Reporter 5/8/25**